UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE STANDARD FIRE
INSURANCE COMPANY

V. C.A.NO.: 04-351S

DONALD GORDON AND
NICOLE LEA GORDON

## CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On or about April 11, 2002, Defendant, Donald Gordon purchased a residential premises at 52 Lake Street, South Kingstown, Rhode Island, (hereinafter the "premises"). (See Plaintiff's allegation in Declaratory Judgment Action ¶4 and Defendants' admission to same)

2. At or about the time the Defendant, Donald Gordon, purchased the premises, he applied for homeowners insurance with Standard Fire Insurance Company (hereinafter "Standard"). In applying for homeowners insurance with "Standard", Defendant, Donald Gordon represented that the "premises" was intended to be his primary residence. (See Plaintiff's allegation in Declaratory Judgment Action ¶5 and Defendants admission to same)

3. From the date the Defendant, Donald Gordon, purchased the premises to the time of the accident of July 25, 2002, the Defendant never resided at the property. Donald Gordon was residing at 46 Shadow Farm Way, Wakefield, Rhode Island.

4. At no point in time prior to July 25, 2002 did Defendant, Donald Gordon inform Standard that he did not intend to make the premises his primary residence. (See Plaintiff's allegation in Declaratory Judgment Action ¶12 and Defendants admission to same)

5. At no point in time prior to July 25, 2002 did Defendant, Donald Gordon inform Standard that he rented the premises to his daughter, Defendant, Nicole Lea Gordon. (See Plaintiff's allegation in Declaratory Judgment Action ¶11 and Defendants admission to same)

6. On or about July 25, 2002, Defendant, Nicole Lea Gordon, was involved in an accident at the premises where she alleges "she attempted to turn on a light at the top of the stairway which did not come on....took a few steps in the darkness fell over the stair railing which was less than three feet high, striking a radiator in the foyer of the first floor". (See Plaintiff's allegation in Declaratory Judgment Action ¶14 and Defendants admission to same)

7. Defendant, Nicole Lea Gordon, through her agents, servants and employees has filed a suit against her father for negligently maintaining the premises at 52 Lake Street. (See Plaintiff's allegation in Declaratory Judgment Action ¶20 and Defendants admission to same)

8. "Standard" issued a Homeowners Policy to Donald Gordon, Policy Number 947642984 6331 with a policy period of April 11, 2002 to April 11, 2003.

9. Standard's Homeowners Policy provides in pertinent part:

Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury…

e. Arising out of a premises:
(1) owned by an insured;
(2) rented to any insured; or
(3) rented to others by any insured;
that is not an insured location.

10. Definitions

"Insured location" means:

a. The residence, premises;

"Residence premises" means the one or two family dwelling, other structures, and grounds, or that part of any other building where you reside and which is shown as the residence premises in the declaration.

11. It is undisputed that the premises owned by Donald Gordon is not an insured location because he did not reside at the premises.

Respectfully submitted,
Plaintiff,
The Standard Fire Insurance Co.,
By its attorneys,

Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Robert Flaherty, Esquire, Gregory Sorbello, Esquire**, Flaherty & Lawrence, 70 Jefferson Boulevard, Warwick, RI 02888 and **Dennis J. Tente, Esquire**, Coletti & Tente, 311 Doric Avenue, Cranston, RI 02910 on the 9 day of August, 2005.

Dana Palangio