UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE STANDARD FIRE
INSURANCE COMPANY

V. C.A.NO.: 04-351S

DONALD GORDON AND
NICOLE LEA GORDON

**PLAINTIFF, THE STANDARD FIRE INSURANCE COMPANY'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT, DONALD GORDON**

Now comes the Plaintiff, The Standard Fire Insurance Company, and respectfully requests that this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, enter judgment against the Defendant, Donald Gordon, for his failure to comply with this Court's order of September 13, 2005 and his repeated failure to appear for depositions.

In support of said motion, the Plaintiff further relies on its Memorandum of Law attached hereto.

**CERTIFICATION OF ATTORNEY**

I, Ronald Langlois, hereby certify that pursuant to Rule 26(a) of Civil Procedure, made a good faith effort by conferring with Robert Flaherty, counsel for Donald Gordon, to resolve the pending discovery issues raised by this motion.

Ronald Langlois

Respectfully submitted,

Plaintiff, Standard Property &
Casualty Company
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Robert Flaherty, Esquire,** Flaherty & Lawrence, 70 Jefferson Boulevard, Warwick, RI 02888, **Dennis Tente, Esquire**, Coletti & Tente, 311 Doric Avenue, Cranston, RI 02910 on the 30 day of September, 2005.

Dana Palangio

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE STANDARD FIRE
INSURANCE COMPANY

V. C.A.NO.: 04-351S

DONALD GORDON AND
NICOLE LEA GORDON

**PLAINTIFF, THE STANDARD FIRE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT, DONALD GORDON**

This is a declaratory judgment action in which the Standard Fire Insurance Company (hereinafter "Standard") seeks a determination as to whether "Standard" has a duty to defend and indemnify Donald Gordon in the matter of Nicole Gordon v. Donald Gordon, Washington County Superior Court, C.A.No: 04-0248.

The underlying lawsuit arises out of incident, which occurred on July 25, 2002, at a residence located at 52 Lake Street, Wakefield, Rhode Island, which the Defendant, Donald Gordon owned. For reasons that are presently unknown, Mr. Gordon's adult emancipated daughter, Nicole Gordon, fell down a set of stairs while residing at the premises with her boyfriend.

On or about April 19, 2004, Nicole Lea Gordon filed a suit against her father for negligently maintaining the premises at 52 Lake Street. The Standard Fire Insurance Company is presently providing a defense to Mr. Gordon in that action pursuant to a reservation of rights.

Interrogatories and Request for Production of Documents were propounded to the Defendant, Donald Gordon, on or about May 3, 2005. The Plaintiff filed a Motion to compel discovery responses from Donald Gordon on or about August 26, 2005. On September 13, 2005, the Court granted the Plaintiff's motion to compel. As a result of the order entered by the court, the Defendant was to produce discovery responses by September 23, 2005. To date, the Plaintiff still has not received the Defendant, Donald Gordon's responses to Interrogatories and Request for Production of Documents, nor have they received a request for an extension to respond to same. Plaintiff's counsel has continuously attempted to schedule the deposition of Donald Gordon as well as obtain the requested documents. (Exhibit "A")

On September 13, 2005, all parties in this matter appeared before the Court for a status conference. At that time, this Court was apprised of Mr. Gordon's failure to appear at previously noticed depositions as well as his failure to respond to the outstanding Interrogatories and Request for Production of Documents. Mr. Gordon's attorney represented to the Court that "no order was needed" to compel Mr. Gordon's attendance at a deposition. Immediately following the conference, the parties in this matter conferred in the hallway and arranged for a mutually convenient time of September 29, 2005 at 3:00 p.m. to conduct the deposition of Mr. Gordon. Counsel for Mr. Gordon represented that the discovery responses would be produced prior to the deposition. These dates were memorialized in communications between the parties. (Exhibit "B") During the afternoon of September 27, 2005, in response to communications by plaintiff's counsel (Exhibit "C"), counsel for Mr. Gordon advised that he did not have

answers to Interrogatories, responses to the Request for Production of Documents, nor was Mr. Gordon appearing for the deposition.

It is readily apparent that the Defendant, Donald Gordon, has no respect for this Court's orders or the judicial process. It is now approximately five months since the Defendant was served with Interrogatories and Request for Production of Documents. As of this date, no responses have been filed.

It is submitted that the Plaintiff is severely prejudiced by the failure of the Defendant to take seriously his duty to conduct this litigation in accordance with the rules of civil procedure relating to a party's obligation to provide discovery.

Mr. Gordon acts with indifference for the judicial process because he knows that if he does not prevail in this matter, his daughter will not proceed in her lawsuit against him. Accordingly, the only appropriate sanction is to enter judgment for the Plaintiff and find that there is no coverage for the underlying tort action.

Argument

Fed.R.Civ.P.37(b)(2)(C) provides in pertinent part:

> If a party fails to obey an order to provide or permit discovery the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... rendering a judgment by default against the disobedient party.

The United States Supreme Court in National Hockey League v. Metropolitan Hockey Club, 427 F.S. 639, 49 L.Ed. 2d 747, 96 S.Ct. 2778 upheld a lower court dismissal of an action for failure of the party to obey a discovery order. The Court held:

> A natural tendency on the part of reviewing courts, properly employing the benefit of hindsight to be heavily influenced by the severity of our right of dismissal as a sanction for failure to comply with the discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order would feel unduly chastened so that even though he succeeds in having the order revered on appeal, he will

> nonetheless comply properly with future discovery orders of the District Court. Here, as in other areas of law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision in the Court of Appeals remains undisturbed in this case it might well be these respondents who will faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer and we think Rule 37 contemplates they should feel to follow other discovery orders of other District Courts. Id. at 642-643.

This Court has not hesitated to dismiss an action when, as here, there is evidence of a defendant's flagrant bad faith. See, Damiani, M.D. v. Rhode Island Hospital, et al, 704 F.2d 12 (1st. Cir. 1983).

Conclusion

For the foregoing reasons, the Plaintiff prays that this Court enter judgment that The Standard Fire Insurance Company's has no duty to defend or indemnify Donald Gordon, and its insurance policy provides no coverage for the underlying action entitled, Nicole Gordon v. Donald Gordon, Washington County Superior Court, C.A.No: 04-0248.

Respectfully submitted,

Plaintiff, Standard Property &
Casualty Company
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Robert Flaherty, Esquire,** Flaherty & Lawrence, 70 Jefferson Boulevard, Warwick, RI 02888, **Dennis Tente, Esquire**, Coletti & Tente, 311 Doric Avenue, Cranston, RI 02910 on the ___ day of September, 2005.

______________________________