UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, Plaintiff, | : | |
| v. | : | CA 04-351 S |
| DONALD GORDON and NICOLE LEA GORDON, Defendants. | : | |

**ORDER**
**FURTHER CONTINUING HEARING**
**ON PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**
**AND MOTION OF DENNIS J. TENTE TO WITHDRAW**

On December 5, 2005, the court conducted a further hearing on Plaintiff, The Standard Fire Insurance Company's Motion for Entry of Judgment against Defendant, Donald Gordon (Document ("Doc.") #30) ("Motion for Entry of Judgment") and also on the Motion to Withdraw (Doc. #38) of Attorney Dennis J. Tente ("Mr. Tente"). After hearing from counsel for all parties, the court determined that the two motions should be continued to Tuesday, February 7, 2006, at 10:00 a.m. for a further hearing. The court did so for the following reasons.

Defendant Nicole Lea Gordon ("Ms. Gordon"), who is represented by Mr. Tente, is a plaintiff in the underlying tort action which is pending in the Washington County Superior Court ("the state action"). Ms. Gordon has told Mr. Tente, who also represents her in the state action, that she wants him to dismiss that action. See Motion to Withdraw at 1. Mr. Tente has advised her that it is not in her best interest to do so, but Ms. Gordon has declined to follow his advice. See id. at 2.

At the December 5, 2005, hearing Mr. Tente stated that he intends to file a motion to withdraw as counsel in the state action and that he will seek to have that motion heard at the

earliest possible date. Counsel for Plaintiff, The Standard Fire Insurance Co. ("Plaintiff"), and Defendant Donald Gordon ("Mr. Gordon"), indicated that if Mr. Tente's motion to withdraw in the state action is granted, they expect that Ms. Gordon will then dismiss that action herself. Counsel for Plaintiff, Attorney Ronald P. Langlois ("Mr. Langlois"), represented to the court that if the state action is dismissed,[1] this action will become moot and he will dismiss it.

Mr. Langlois also stated that he had agreed with counsel for Mr. Gordon that the deadlines established by the court's order of November 4, 2005, see Order Continuing Hearing on Plaintiff's Motion for Entry of Judgment (Doc. #35), could be extended so that Mr. Gordon's failure to comply with those deadlines by the dates stated in the Order would not be a basis for granting Plaintiff's Motion for Entry of Judgment against Mr. Gordon ("Doc. #30") on December 5, 2005. Counsel for Mr. Gordon, Attorney Robert E. Flaherty ("Mr. Flaherty") requested that, in the event the state action was not dismissed by February 7, 2006, he be allowed to argue that there are extenuating circumstances for Mr. Gordon's non-compliance with the deadlines established by the Order Continuing Hearing on Plaintiff's Motion for Entry of Judgment (Doc. #35). The court responded that it would allow Mr. Flaherty to present such arguments, but cautioned that it would closely scrutinize the effort or lack of effort which Mr. Gordon makes to comply with his discovery obligations after he becomes aware that the anticipated dismissal of the state action is not going to occur. The court further stated that even if Mr. Gordon does not become aware that such dismissal is not going to occur until February 6, 2006, the maximum additional time the court may

[1] Although Mr. Langlois did not specifically state that the dismissal would have to be with prejudice, it was clear that this was what he meant.

grant him to fully comply with all his discovery obligations would be to February 28, 2006.

Accordingly, for the reasons stated above, the hearing on the Motion for Entry of Judgment and the Motion to Withdraw is continued to February 7, 2006.[2]

So Ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
December 6, 2005

BY ORDER:

Deputy Clerk

[2] Of course, if this action is dismissed prior to February 7, 2006, the parties do not have to appear for the hearing.